EHSON ROSADO *v.* COMMISSIONER
OF CORRECTION
(AC 32063)

Bishop, Gruendel and Peters, Js.

Argued April 19—officially released June 7, 2011

*Damon A. R. Kirschbaum*, special public defender, for the appellant (petitioner).

*Michael Proto*, assistant state's attorney, with whom, on the brief, was *Stephen J. Sedensky III*, state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Ehson Rosado, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying certification to appeal and improperly rejected his claim that his trial counsel rendered ineffective assistance. We disagree and dismiss the appeal.

On September 10, 2004, the petitioner was convicted, after a jury trial, of attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59 (a) (5), and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1). The

petitioner subsequently was sentenced to a total effective term of eighteen years incarceration consecutive to a sentence he was then serving. This court affirmed his conviction. *State* v. *Rosado*, 107 Conn. App. 517, 945 A.2d 1028, cert. denied, 287 Conn. 919, 951 A.2d 571 (2008).

The petitioner filed his initial petition for a writ of habeas corpus on October 13, 2006, which he later amended, alleging that he was denied the effective assistance of counsel in regards to his motion for a speedy trial. On direct appeal, the petitioner had appealed the denial of his motion to dismiss for lack of a speedy trial. In that appeal, this court set forth the following facts as they related to the petitioner's motion. "On August 31, 2004, the [petitioner], through counsel, filed a motion to dismiss on speedy trial grounds, alleging that he had filed a motion for a speedy trial as an incarcerated prisoner on February 5, 2004. Jury selection commenced on September 2, 2004. The parties argued the [petitioner's] motion to dismiss on September 8, 2004. During argument, the state averred that it had not received notice of the [petitioner's] speedy trial request. The court reserved ruling on the motion. The parties argued the motion again at sentencing on January 13, 2005, at which time the court denied the motion. The court, in a subsequent articulation of its memorandum of decision on the [petitioner's] motion to dismiss for lack of a speedy trial, found that the filing of the notice of the [petitioner's] request for a speedy trial was defective in that the [petitioner] failed to cause to be delivered to the state's attorney or assistant state's attorney of the Danbury judicial district a written notice of the place of his imprisonment and his request for a final disposition of the information in the case, as required by General Statutes § 54-82c (a)." Id., 521–22.

In this habeas petition, the petitioner alleges that his trial counsel was deficient in five ways: that he failed

to adequately research the law governing the right to a speedy trial; that he failed to conduct an adequate investigation into the facts related to the petitioner's right to a speedy trial; that he failed to present evidence that the agents of the respondent intentionally or negligently failed to comply with their statutory duties relating to the petitioner's motion for a speedy trial; that he failed to present other evidence in the custody of the respondent and agents of the office of the chief state's attorney related to the violation of the petitioner's right to a speedy trial; and that he failed to argue adequately that the charges against the petitioner should have been dismissed as a result of the violation of his right to a speedy trial. Following a hearing, the habeas court denied the petition for a writ of habeas corpus on the ground that the petitioner had failed to prove that his trial counsel was deficient in any of the alleged ways. The petitioner claims on appeal that the habeas court erroneously determined that his counsel was not ineffective and improperly denied certification to appeal. We are not persuaded.

We begin our analysis of the petitioner's claim on appeal with the well established standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal principles. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of

the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed. . . .

"In our review of the petitioner's substantive claims, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . According to the standard enunciated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a petitioner alleging ineffective assistance of counsel must establish that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . The claim will succeed only if both prongs are satisfied. . . . It is well settled that [a] reviewing court can find against a petitioner on *either* ground, whichever is easier." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Koslik* v. *Commissioner of Correction*, 127 Conn. App. 801, 804–805, 16 A.3d 753 (2011).

After thoroughly reviewing the record, we agree with the habeas court that the petitioner submitted a "plethora of evidence . . . [but a] paucity of proof" that he was denied the effective assistance of counsel. The

habeas court concluded, and we agree, that the peti-
tioner failed to adduce adequate evidence that his trial
attorney had been ineffective in the ways claimed by
the petitioner, or that the lapse of time between the
date on which the petitioner claimed to have given a
motion for a speedy trial to a correction officer for
filing and the date on which jury selection commenced
was not due, in part, to continuances granted at the
behest of defense counsel. Accordingly, we conclude
that the court properly denied certification to appeal
from the denial of the petition for a writ of habeas
corpus and that the petitioner has failed to show that
the issues that he has presented are debatable among
jurists of reason, that the court could resolve the issues
in a different manner or that they deserve encourage-
ment to proceed further.

The appeal is dismissed.