DAMON BIGELOW *v.* COMMISSIONER
OF CORRECTION
(AC 34132)

Lavine, Keller and Mihalakos, Js.

---

738

Argued September 17—officially released November 19, 2013

*Wayne A. Francis*, assigned counsel, for the appellant (petitioner).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III*, state's attorney, *Jo Anne Sulik*, supervisory assistant state's attorney, and *Michael A. Gailor*, executive assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Damon Bigelow, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the denial of his petition was improper because his trial counsel was burdened by an actual conflict of interest. We disagree, and affirm the judgment of the habeas court.

The following facts, as found by the habeas court, are germane to the resolution of this appeal. In early 2008, the petitioner was a defendant in a number of criminal and motor vehicle matters pending in the Superior Court.[1] On September 24, 2008, while the petitioner was representing himself, the state extended a plea bargain to him that would have resolved all pending charges in exchange for guilty pleas and a total effective sentence of forty years incarceration, execution suspended after fifteen years, to be followed by a five year period of probation. The petitioner, who was free on bond, was given time to consider the offer.

Two days later, on September 26, 2008, the police executed a search and seizure warrant stemming from suspected drug trafficking activities at the petitioner's condominium. During the execution of the search warrant, the petitioner was arrested after police found a large quantity of heroin in a bedroom.[2] As a result of the additional charges, the state modified its original plea offer to reflect the new drug charges. Considering only the drug cases, the petitioner at trial would have faced forty-six years of mandatory minimum incarceration with a maximum sentence of life. The state's modified plea offer proposed that the petitioner actually serve twenty years as opposed to the original offer of fifteen.

On October 1, 2008, the petitioner retained the services of Attorney Eugene Zingaro. Although the petitioner initially appeared willing to accept the state's modified plea offer, Zingaro ultimately was successful in restoring the original plea offer. On November 12,

[1] The petitioner was charged with multiple counts of possession of narcotics with intent to sell in violation of General Statutes § 21a-278 (b), assault of a police officer in violation of General Statutes § 53a-167c, and disorderly conduct in violation of General Statutes § 53a-183.

[2] The petitioner was charged with possession of narcotics with intent to sell in violation of General Statutes § 21a-278 (b).

2008, the petitioner accepted the original offer, pleaded guilty, and was sentenced to forty years incarceration, execution suspended after fifteen years, followed by five years of probation. This concluded Zingaro's representation of the petitioner.

On June 8, 2011, the petitioner filed an amended petition for a writ of habeas corpus. The petition included two counts alleging ineffective assistance of counsel. The first count alleged that Zingaro had been burdened by a conflict of interest; the second count alleged that Zingaro provided inadequate advice during the plea stage. The habeas court denied the petition, but granted the petitioner's petition for certification to appeal. This appeal followed.

The basis for the petitioner's conflict of interest claim relates to Zingaro's representation of the petitioner's brother, Byron Bigelow. On September 26, 2008, while the police were executing the warrant at the petitioner's condominium, Byron Bigelow entered the condominium. Upon his arrival, the police conducted a patdown search of him that revealed marijuana and drug paraphernalia. Byron Bigelow represented himself on the charges stemming from the September 26, 2008 arrest, and was placed in a drug diversion program. On October 30, 2008, he was arrested for a second time, thereby threatening his further participation in the diversion program.

At some point in time, at one of the petitioner's appearances in court, Zingaro and Byron Bigelow were introduced, and over time, Zingaro became a mentor to Byron Bigelow. Details of their early relationship are sparse, but as the habeas court noted, "Zingaro was very candid about having developed a deep personal relationship with Byron Bigelow . . . ." Upon learning of Byron Bigelow's second arrest in late October, Zingaro visited Byron Bigelow at the Danbury Police Department, during which time he " 'yelled at' Byron for

approximately one hour, [and] counseled him on a personal level about the dangers of following in the footsteps of . . . the petitioner . . . ." The two did not discuss the factual circumstances of Byron Bigelow's arrests; rather, the encounter focused on Byron Bigelow's overall lifestyle choices.

Eventually, Zingaro represented Byron Bigelow on the drug charges. The habeas court found that although the exact date of representation could not be determined, the evidence presented "supports a finding that any representation of Byron Bigelow . . . did not begin until after the petitioner's matters were concluded." Zingaro successfully persuaded the state to allow Byron Bigelow to continue in the drug diversion program notwithstanding the second arrest.

On appeal, the petitioner focuses solely on the conflict of interest issue, specifically claiming that (1) Zingaro's simultaneous representation of him and Byron Bigelow was an actual conflict of interest and (2) the close personal relationship between Zingaro and Byron Bigelow during the pendency of his case amounted to a conflict of interest. We are not persuaded.

At the outset, we set forth the standard of review for the resolution of this appeal. "Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Internal quotation marks omitted.) *Santiago* v. *Commissioner of Correction*, 87 Conn. App. 568, 582, 867 A.2d 70, cert. denied, 273 Conn. 930, 873 A.2d 997 (2005).

Furthermore, "[o]ur Supreme Court has established the proof requirements where a habeas corpus petitioner claims ineffective assistance of counsel because

of a claimed conflict of interest. Where . . . the defendant claims that his counsel was burdened by an actual conflict of interest . . . the defendant need not establish actual prejudice. . . . Where there is an actual conflict of interest, prejudice is presumed because counsel [has] breach[ed] the duty of loyalty, perhaps the most basic of counsel's duties. Moreover, it is difficult to measure the precise effect on the defense of representation corrupted by conflicting interests. . . . In a case of a claimed conflict of interest, therefore, in order to establish a violation of the sixth amendment the defendant has a two-pronged task. He must establish (1) that counsel actively represented conflicting interests and (2) that an actual conflict of interest adversely affected his lawyer's performance. . . .

"The [United States Court of Appeals for the Second Circuit] has honed this test further. Once a [petitioner] has established that there is an actual conflict, he must show that a lapse of representation . . . resulted from the conflict. . . . To prove a lapse of representation, a [petitioner] must demonstrate that some plausible alternative defense strategy or tactic might have been pursued but was not and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." (Citation omitted; internal quotation marks omitted.) *Burgos-Torres* v. *Commissioner of Correction*, 142 Conn. App. 627, 634, 64 A.3d 1259, cert. denied, 309 Conn. 909, 68 A.3d 663 (2013).

We first consider the petitioner's claim that the habeas court improperly determined that Zingaro had no actual conflict of interest because he did not simultaneously represent the petitioner and Byron Bigelow. The petitioner argues that because Zingaro was representing Byron Bigelow at the time of the petitioner's plea bargain negotiations, Zingaro had a conflict that prevented him from advancing a theory of defense that

the heroin found in the petitioner's condominium belonged to Byron Bigelow. The petitioner argues that the habeas court erred when it found that Zingaro's representation of Byron Bigelow occurred after the petitioner's cases were resolved.

The habeas court, after a thorough review of the record, found that there was no simultaneous representation and, thus, no conflict of interest.[3] On the basis of our own review, we agree with the habeas court. Although Zingaro did visit Byron Bigelow in lockup, there is simply no basis for us to upset the habeas court's finding that Zingaro was merely acting in the capacity of a mentor, and not as counsel. Accordingly, the petitioner cannot demonstrate that the court's findings were clearly erroneous. See, e.g., *Sastrom* v. *Mullaney*, 286 Conn. 655, 661, 945 A.2d 442 (2008) (habeas court is afforded broad discretion in making its factual findings).

With respect to the petitioner's claim that Zingaro had a dual loyalty because Zingaro's close relationship with Byron Bigelow amounted to a conflict of interest, this claim suffers from the same lack of factual support as the first claim. The habeas court found "it was clear that the personal relationship . . . did not occur, or begin to occur, until after the petitioner's cases had been resolved and, therefore, no personal conflict existed at the time [Zingaro] was representing the petitioner." The petitioner is challenging a factual finding, but fails to demonstrate in what respect the finding was clearly erroneous. Moreover, even if the petitioner could establish that the habeas court's finding was

---

[3] The habeas court stated that "[t]he petitioner offered no evidence [as to the date Zingaro began to represent Byron Bigelow]. Therefore, although the exact date could not be determined, the evidence presented supports the finding that any representation of Byron Bigelow by [Zingaro] did not begin until after the petitioner's matters were concluded."

clearly erroneous, this claim still fails because the petitioner has not set forth a plausible alternative defense strategy that might have been pursued.[4] Accordingly, this claim, too, must fail.

The judgment is affirmed.

---

[4] For instance, the habeas court noted, "[e]ven if we assume for purposes of argument that [Zingaro's] relationship with Byron Bigelow rose to the level that it could be considered a conflict, the petitioner has still failed to prove his claim, because he could not meet the second prong of the test by showing 'that a lapse of representation . . . resulted from the conflict . . . that some plausible alternative defense strategy or tactic might have been pursued, but was not and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests'. . . . Trying to place blame on Byron Bigelow for the drugs found during the September 26, 2008 search of the condominium was simply not a plausible, viable defense based on the facts of the case." (Citation omitted.) We agree.