### DWAIN CHARLTON *v.* COMMISSIONER OF CORRECTION
### (AC 18189)

O'Connell, C. J., and Hennessy and Stoughton, Js.

Argued September 22—officially released November 17, 1998

*James A. Shanley*, special public defender, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Christopher Alexy*, assistant state's attorney, for the appellee (respondent).

*Opinion*

O'CONNELL, C. J. The petitioner appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner claims that the habeas court improperly rejected his claim of "actual innocence" as articulated by our Supreme Court in *Miller* v. *Commissioner of Correction*, 242 Conn. 745, 700 A.2d 1108 (1997). We affirm the judgment of the habeas court.

The sole issue on appeal is whether the habeas court properly determined that the petitioner had failed to meet his burden of proof with respect to his claim of actual innocence. Our determination of this issue requires that we review both the evidence produced at the petitioner's criminal trial and the facts found by the habeas court.

The evidence supporting the petitioner's criminal conviction was as follows. On June 24, 1990, the petitioner and the victim were at an after-hours bar in New Haven. An argument ensued between them, and the victim was shot in the face causing a life threatening injury. The petitioner fled the bar immediately following the shooting and was later arrested.

The petitioner testified at the criminal trial that the victim produced the gun and was shot when the gun discharged accidentally during the altercation between

the parties. The victim testified to the contrary, that the petitioner produced the pistol and shot him.

The petitioner's criminal trial concluded on November 30, 1991, with a conviction of assault in the first degree in violation of General Statutes § 53a-59 (a) (3). This court affirmed the judgment of conviction on direct appeal in *State* v. *Charlton*, 30 Conn. App. 359, 620 A.2d 1297, cert. denied, 225 Conn. 922, 625 A.2d 824 (1993).

At the habeas hearing, the petitioner called two witnesses who had not testified at his criminal trial. Roger Woodson and Stanley Thompson both testified that they were present in the bar on the night of the shooting and saw the victim produce the weapon. Both Woodson and Thompson are convicted felons who are presently serving prison sentences.

The habeas court considered all of the evidence in light of the "actual innocence" standard set forth in *Miller* and concluded that the petitioner failed to satisfy the second prong of the *Miller* standard because "[w]hile the petitioner's criminal case may have been enhanced by having his story reiterated by other witnesses, this enhancement fails to rise to the level of making the petitioner's guilt so improbable that no reasonable trier of fact would convict him as was the case in *Miller* . . . ." The petitioner now claims on appeal that the habeas court improperly applied the "actual innocence" standard set forth in *Miller* in holding that the petitioner did not sustain his burden of proof of actual innocence.

A habeas petitioner's claim of actual innocence may entitle him to a new trial despite the absence of a constitutional violation at the criminal trial. *Summerville* v. *Warden*, 229 Conn. 397, 422, 641 A.2d 1356 (1994). In *Miller* v. *Commissioner of Correction*, supra, 242 Conn. 745, our Supreme Court established a two-pronged test for evaluating a claim of actual innocence. "First, taking

into account both the evidence produced in the original criminal trial and the evidence produced in the habeas hearing, the petitioner must persuade the habeas court by clear and convincing evidence, as that standard is properly understood and applied in the context of such a claim, that the petitioner is actually innocent of the crime of which he stands convicted. Second, the petitioner must establish that, after considering all of that evidence and the inferences drawn therefrom . . . no reasonable fact finder would find the petitioner guilty." Id., 791–92.

With respect to the first *Miller* prong, the clear and convincing standard is met only if "the evidence induces in the mind of the trier a reasonable belief that the facts asserted are *highly probably* true, that the probability that they are true or exist is *substantially greater* than the probability that they are false or do not exist." (Emphasis in original; internal quotation marks omitted.) Id., 794; *State* v. *Bonello,* 210 Conn. 51, 66, 554 A.2d 277, cert. denied, 490 U.S. 1082, 109 S. Ct. 2103, 104 L. Ed. 2d 664 (1989). We are mindful that "[t]his standard of proof should operate as a weighty caution upon the minds of all judges, and it forbids relief whenever the evidence is loose, equivocal or contradictory." (Internal quotation marks omitted.) *Lopinto* v. *Haines,* 185 Conn. 527, 539, 441 A.2d 151 (1981).

Here, the new evidence presented by the petitioner at the habeas hearing consisted of the unsupported testimony of two convicted felons who had little to lose by testifying falsely for their fellow inmate. Conversely, in *Miller,* the newly discovered evidence presented at the habeas hearing consisted of the inculpatory testimony of an individual who, by testifying, "was exposed to a substantial period of incarceration"; *Miller* v. *Commissioner of Correction,* supra, 242 Conn. 778; in addition to a substantial amount of circumstantial evidence in support of the witness' testimony. The habeas court

in *Miller* acknowledged that " 'if the petitioner's case consisted of no more than [the new witness'] unvarnished claims, his credibility alone, without the external corroboration presented during the habeas hearing, would not entitle [the petitioner] to relief.' " Id., 780. In fact, in *Miller*, "[t]he habeas court specifically credited 'substantial circumstantial evidence to corroborate [the witness'] testimony.' " Id., 784–85.

In the present case, in light of the victim's testimony at the criminal trial, and in light of the highly suspect nature of the unsupported testimony of the two newly discovered witnesses, there is nothing to indicate that the testimony is "highly probably true" or that the probability that the testimony is true is "substantially greater" than the probability that it is false. Accordingly, the testimony falls short of the type of evidence necessary to satisfy the first prong of the *Miller* test.

The petitioner fares no better under the second *Miller* prong. The habeas court correctly concluded that despite the testimony of the newly discovered witnesses, which testimony corroborated the petitioner's version of the events of the evening of the shooting, it cannot be said that "no reasonable fact finder would find the petitioner guilty of the crime"; id., 747; based on the aggregate of evidence from the criminal and habeas trials. The credibility of witnesses is for the trier of fact to determine. *State* v. *Mejia*, 233 Conn. 215, 224, 658 A.2d 571 (1995); *State* v. *McClam*, 44 Conn. App. 198, 208, 689 A.2d 475, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997). Merely because a greater number of witnesses testify as to a particular version of the facts does not make that version binding on the trier. *Emhart Industries, Inc.* v. *Amalgamated Local Union 376, U.A.W.*, 190 Conn. 371, 404, 461 A.2d 422 (1983). At the petitioner's criminal trial, the victim testified that the petitioner pulled out a pistol, held that pistol to the victim's face and fired. The habeas court was free to

discredit the testimony of the two inmates who testified at the habeas trial.

"The appropriate scope of [appellate] review is whether, after an independent and scrupulous examination of the entire record, we are convinced that the finding of the habeas court [regarding whether the petitioner has established actual innocence] is supported by substantial evidence." *Miller* v. *Commissioner of Correction,* supra, 242 Conn. 803. "[T]ruly persuasive demonstrations of actual innocence after conviction in a fair trial have been, and are likely to remain, extremely rare." (Internal quotation marks omitted.) Id., 805–806. Applying the appropriate standard of review to the entire record in this case, we conclude that the habeas court properly determined that the petitioner did not establish that he is actually innocent of the crime for which he was convicted.

The judgment is affirmed.

In this opinion the other judges concurred.