## STATE OF CONNECTICUT *v.* JOHN C. ADAMS, JR.
## (SC 16112)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued March 23—officially released April 25, 2000

*John R. Williams*, for the appellant (defendant).

*Michael E. O'Hare*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *David P. Gold*, former assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, John C. Adams, Jr., was found guilty by a jury of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3),[1]

---

[1] General Statutes § 53a-55 (a) provides: "A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person; or (2) with intent to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he committed the proscribed act or acts under the influence of extreme emotional disturbance, as provided in subsection (a) of section 53a-54a, except that the fact that homicide was committed under the influence of extreme emotional disturbance constitutes a mitigating circumstance reducing murder to manslaughter in the first degree and need not be proved in any prosecution initiated under this subsection; or (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

and the trial court rendered judgment accordingly. Upon his appeal to the Appellate Court, that court rejected his claims that the trial court had improperly: (1) instructed the jury on his claim of self-defense; (2) denied his motion for a mistrial based on prosecutorial misconduct; (3) excluded certain of his statements to the police as hearsay; and (4) concluded that there was sufficient evidence to support the conviction. *State* v. *Adams*, 52 Conn. App. 643, 648–61, 727 A.2d 780 (1999). Accordingly, the Appellate Court affirmed the judgment of conviction. Id., 661.

We granted certification to appeal, limited to the following issue: "Under the circumstances of this case, did the Appellate Court improperly conclude that the trial court properly instructed the jury on the defendant's claim of self-defense?" *State* v. *Adams*, 249 Conn. 907, 733 A.2d 226 (1999). This certified appeal followed.

Having reviewed the briefs, the record and the arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. In its thorough and thoughtful opinion, the Appellate Court properly resolved the issue on which we granted certification. See *State* v. *Adams*, supra, 52 Conn. App. 649–52.

The judgment of the Appellate Court is affirmed.

