### TERRANCE CORBETT *v.* COMMISSIONER OF CORRECTION
### (AC 32321)

DiPentima, C. J., and Gruendel and Bear, Js.

Argued November 8, 2011—officially released January 31, 2012

W. *Theodore Koch III*, special public defender, for the appellant (petitioner).

*Adam E. Mattei*, special deputy assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Gerard P. Eisenman*, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, C. J. The petitioner, Terrance Corbett, appeals from the judgment of the habeas court denying his third amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly (1) found that he had failed to prove that he is actually innocent and (2) precluded the testimony of Jamelle Byrd. We affirm the judgment of the habeas court.

The habeas court set forth the following relevant factual background in its memorandum of decision. "Early in the morning on June 20, 2004, gunshots were fired into [the victim's] apartment, which is located in

building twelve in the P.T. Barnum apartment complex in Bridgeport . . . . [The victim] told the police that she saw the petitioner and Phillip Scott outside her apartment building around 11 p.m. on June 19, 2004. Later in the day on June 20, 2004, the police arrested Scott, who was in possession of a gun. The police linked the gun to the shooting incident at [the victim's] apartment. Scott told the police that he saw the petitioner around 4:30 a.m. on June 20, 2004, and that the petitioner gave him the gun and told him to get rid of it, after stating that he had just shot at [the victim]."

In September, 2006, the petitioner entered guilty pleas in three cases, pursuant to the *Alford* doctrine,[1] to possession of narcotics with intent to sell in violation of General Statutes § 21a-278 (b), two counts of criminal possession of a firearm in violation of General Statutes § 53a-217 (a), two counts of reckless endangerment in the first degree in violation of General Statutes § 53a-63 and threatening in the second degree in violation of General Statutes § 53a-62 (a) (1). In October, 2006, the petitioner filed several self-represented motions to withdraw his guilty pleas, which were denied. The trial court sentenced the petitioner, in accordance with his plea agreement, to a total effective sentence of sixteen years in prison, suspended after seven years, followed by three years of probation. The petitioner did not file a direct appeal.

In April, 2009, the petitioner filed his third amended petition for a writ of habeas corpus, alleging actual innocence with respect to all but the possession of narcotics conviction, ineffective assistance of counsel with respect to the possession of narcotics conviction and ineffective assistance of counsel at the hearing on the motion to withdraw his guilty pleas. The respondent,

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

the commissioner of correction, filed a return denying the material allegations of the petition and raising two special defenses. First, the respondent asserted that the petitioner's claims were barred under the doctrine of res judicata because he had raised similar claims during a hearing on his motion to withdraw his pleas. Second, the respondent asserted that the petitioner was procedurally defaulted as to the claims in count two of his petition by failing to present any further evidence at the hearing on the motion to withdraw his pleas and by failing to appeal the court's decision denying this motion. After a trial, the court denied the petition for a writ of habeas corpus. The petitioner then filed a petition for certification to appeal, which was granted. This appeal followed.

I

The petitioner first claims that the court improperly found that he had failed to prove that he is actually innocent.[2] We disagree.[3]

We first set forth the applicable standard of review. "Even without an underlying constitutional violation that affected the result of his criminal trial, a substantial claim of actual innocence is cognizable by way of a

[2] In the petitioner's third amended petition, he claimed that he also was actually innocent of the charges to which he had pleaded guilty in docket number CR-04-200588, which included one count each of criminal possession of a firearm, reckless endangerment and threatening. The petitioner, however, does not raise this claim on appeal. Therefore, our review is confined to the petitioner's claim that he is actually innocent of the charges to which he pleaded guilty in docket number CR-04-200589, which included one count each of criminal possession of a firearm and reckless endangerment.

[3] The respondent argues that the petitioner's claim is not reviewable because "a petitioner who relinquished his right to a trial cannot claim actual innocence in a collateral habeas proceeding." This court has reviewed claims of actual innocence, however, even where the petitioner had entered an Alford plea. See, e.g., Baillargeon v. Commissioner of Correction, 67 Conn. App. 716, 718, 732–33, 789 A.2d 1046 (2002). We therefore will review the petitioner's claim.

petition for a writ of habeas corpus . . . . To prevail, a petitioner must satisfy two criteria. First, [he] must establish by clear and convincing evidence that, taking into account all of the evidence—both the evidence adduced at the original criminal trial and the evidence adduced at the habeas corpus trial—he is actually innocent of the crime of which he stands convicted. Second, [he] must also establish that, after considering all of that evidence and the inferences drawn therefrom as the habeas court did, no reasonable fact finder would find the petitioner guilty of the crime." (Citation omitted; internal quotation marks omitted.) *Baillargeon* v. *Commissioner of Correction*, 67 Conn. App. 716, 733, 789 A.2d 1046 (2002) (concluding that petitioner who had entered *Alford* plea failed to establish actual innocence during habeas proceeding).

"With respect to the first component of the petitioner's burden, namely, the factual finding of actual innocence by clear and convincing evidence . . . [t]he appropriate scope of review is whether, after an independent and scrupulous examination of the entire record, we are convinced that the finding of the habeas court that the petitioner is [not] actually innocent is supported by substantial evidence." *Miller* v. *Commissioner of Correction*, 242 Conn. 745, 803, 700 A.2d 1108 (1997). "[T]he clear and convincing standard of proof is substantially greater than the usual civil standard of a preponderance of the evidence, but less than the highest legal standard of proof beyond a reasonable doubt. It is sustained if the evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist. . . . We have stated that the clear and convincing standard should operate as a weighty caution upon the minds of all judges, and

it forbids relief whenever the evidence is loose, equivocal or contradictory." (Internal quotation marks omitted.) *Vazquez* v. *Commissioner of Correction*, 128 Conn. App. 425, 444–45, 17 A.3d 1089, cert. denied, 301 Conn. 926, 22 A.3d 1277 (2011).

"[O]ur Supreme Court has deemed the issue of whether a habeas petitioner must support his claim of actual innocence with newly discovered evidence an open question in our habeas jurisprudence. . . . This court, nevertheless, has held that a claim of actual innocence must be based on newly discovered evidence. . . . [A] writ of habeas corpus cannot issue unless the petitioner first demonstrates that the evidence put forth in support of his claim of actual innocence is newly discovered. . . . This evidentiary burden is satisfied if a petitioner can demonstrate, by a preponderance of the evidence, that the proffered evidence could not have been discovered prior to the petitioner's criminal trial by the exercise of due diligence." (Internal quotation marks omitted.) Id., 444.

Here, the petitioner argues that his claim of actual innocence, upon an independent review of the entire record, is supported by substantial evidence, despite the court's determination that the testimony of three witnesses who provided newly discovered evidence was not credible.[4] We are not persuaded.

The court, after reviewing the evidence before it, concluded that the petitioner "has not established by clear and convincing evidence that he is actually innocent of the charges to which he pleaded guilty in CR-04-200589 and that no reasonable fact finder would find

---

[4] The respondent argues that the court improperly determined that the proffered evidence was "newly discovered." Because we agree with the habeas court that the petitioner has not established by clear and convincing evidence that he is actually innocent and that no reasonable fact finder would find him guilty, we need not address this argument.

him guilty of the charges." The court, in drawing this conclusion, discredited the testimony of Travon Jones, Tarnica Porter, Scott and the petitioner. In support of its credibility determination, the court explained that there were a number of inconsistencies in their accounts. The court noted that although "both Travon Jones and Porter testified that they told several people, including the public defender's investigator, that the petitioner could not have fired a gun into [the victim's] apartment that morning," attorney Joseph Bruckmann, counsel for the petitioner on his motion to withdraw his guilty pleas, "testified to the contrary that his investigator could not contact Travon Jones and that his file does not contain any helpful information obtained from Porter." The court also noted that although the petitioner's testimony "attempted to reconcile these inconsistencies, he had the benefit of testifying after having heard the testimony of Travon Jones, Porter and Scott." As we have noted, the clear and convincing standard of proof "should operate as a weighty caution upon the minds of all judges, and it forbids relief whenever the evidence is *loose, equivocal or contradictory*." (Emphasis added; internal quotation marks omitted.) *Charlton* v. *Commissioner of Correction*, 51 Conn. App. 87, 90, 719 A.2d 1205 (1998) (petitioner did not establish actual innocence where court discredited testimony of petitioner's witnesses), cert. denied, 247 Conn. 961, 723 A.2d 815 (1999); see also *Vazquez* v. *Commissioner of Correction*, supra, 128 Conn. App. 446 (same).

With regard to Scott's testimony, the court explained that, among other things, his recantation and own confession at the habeas trial most likely were motivated by his friendship with the petitioner. "As an appellate court, we do not reevaluate the credibility of testimony, nor will we do so in this case. The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony."

(Internal quotation marks omitted.) *Sargent* v. *Commissioner of Correction*, 121 Conn. App. 725, 736, 997 A.2d 609, cert. denied, 298 Conn. 903, 3 A.3d 71 (2010). "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . . This court does not retry the case or evaluate the credibility of witnesses. Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude." (Citation omitted; internal quotation marks omitted.) *Doehrer* v. *Commissioner of Correction*, 68 Conn. App. 774, 784, 795 A.2d 548, cert. denied, 260 Conn. 924, 797 A.2d 520 (2002).

On the basis of the record before us, we agree with the habeas court that the petitioner has failed to establish by clear and convincing evidence that he is actually innocent and that no reasonable fact finder would find him guilty.

## II

The petitioner next claims that the court improperly precluded the testimony of Jamelle Byrd. Specifically, the petitioner argues that the proffered testimony should have been admitted into evidence under the residual exception to the hearsay rule.[5] We disagree.

---

[5] The petitioner also claims that Byrd's testimony should have been admitted into evidence as a prior consistent statement to rebut a claim of recent falsification. The respondent counters that this claim should not be reviewed because it was not preserved. The petitioner, in his second renewed offer of Byrd's testimony, only cited to rule 801 (d) (1) (B) of the Federal Rules of Evidence in making this claim, and did not cite to the Connecticut Code of Evidence. The court denied the motion, noting the "absence of any showing or indication that Federal Rule of Evidence 801 (d) (1) (B) has been adopted by the Supreme Court of Connecticut or otherwise is applicable in state court proceedings."

"Our review of evidentiary rulings made by the trial court is limited to the specific legal ground raised in the objection." (Internal quotation marks omitted.) *State* v. *Robinson*, 227 Conn. 711, 739, 631 A.2d 288 (1993). Moreover, "[a]lthough the [c]ode follows the general format and sometimes the language of the Federal Rules of Evidence, the [c]ode does not adopt the

Our standard of review is well established. "Unless an evidentiary ruling involves a clear misconception of the law, the [t]rial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling . . . ." (Internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 285 Conn. 585, 602–603, 940 A.2d 789 (2008). "Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Internal quotation marks omitted.) *Walker* v. *Commissioner of Correction*, 103 Conn. App. 485, 501, 930 A.2d 65, cert. denied, 284 Conn. 940, 937 A.2d 698 (2007).

At trial, the petitioner attempted to elicit testimony from Byrd that Scott had told him that it was Scott himself, and not the petitioner, who had committed the shootings. The respondent objected to the proffered testimony on hearsay grounds. The petitioner countered that the statement constituted a declaration against penal interest. The court sustained the respondent's objection. The petitioner then made an offer of proof indicating that Byrd would have testified that Scott told him that Scott shot at the victim's house because she had been "talking trash to [him]" and that he lied to police when he told them that the petitioner was responsible for the shooting.

In May, 2009, the petitioner filed a renewed offer of Byrd's testimony, claiming that it should have been admitted into evidence under the residual exception to

Federal Rules of Evidence or cases interpreting those rules." (Internal quotation marks omitted.) *State* v. *DeJesus*, 288 Conn. 418, 500 n.7, 953 A.2d 45 (2008). We therefore decline to review this claim.

the hearsay rule. This motion was denied. Following the filing of his appeal, the petitioner filed a motion for articulation, requesting that the court articulate why it did not admit Byrd's testimony into evidence. The court denied this motion. The petitioner then filed a motion for review with this court. We granted the motion in part and ordered the court to articulate why it denied the petitioner's request to admit the testimony into evidence under the residual exception to the hearsay rule.[6] In February, 2011, the court issued an articulation in which it concluded that Byrd's testimony did not fall under the residual exception to the hearsay rule. First, the court found that the proffered testimony was not reasonably necessary because Scott was available as a witness, as he had testified at the habeas trial. The court also determined that the proffered testimony did not bear the requisite indicia of reliability and trustworthiness for admission into evidence under the residual exception to the hearsay rule.

"[A]n out-of-court statement offered to establish the truth of the matter asserted is hearsay. . . . As a general rule, such hearsay statements are inadmissible unless they fall within a recognized exception to the hearsay rule. . . . A hearsay statement that does not fall within one of the traditional exceptions to the hearsay rule nevertheless may be admissible under the residual exception to the hearsay rule provided that the proponent's use of the statement is reasonably necessary and the statement itself is supported by equivalent guarantees of trustworthiness and reliability that are essential to other evidence admitted under traditional exceptions to the hearsay rule." (Internal quotation marks omitted.) *State* v. *Faison*, 112 Conn. App. 373,

---

[6] The petitioner's motion for review also requested that we order the court to articulate why the proffered testimony was not admissible into evidence as a prior consistent statement to rebut a charge of recent fabrication. We denied this portion of the petitioner's motion.

383–84, 962 A.2d 860, cert. denied, 291 Conn. 903, 967 A.2d 507 (2009); see also Conn. Code Evid. § 8-9.

The proffered testimony was not reasonably necessary. "Reasonable necessity may be established by showing that unless the hearsay statement is admitted, the facts it contains may be lost, either because the declarant is dead or otherwise unavailable, or because the assertion is of such a nature that evidence of the same value cannot be obtained from the same or other sources." (Internal quotation marks omitted.) *Skakel* v. *State*, 295 Conn. 447, 623, 991 A.2d 414 (2010) (*Palmer, J.*, dissenting). As we have noted, the declarant, Scott, was available as a witness, as he had already testified at trial. The petitioner argues that although Scott was available, there was no "equally probative" alternative source for the statement because the statement would have corroborated Scott's testimony, thereby bolstering the credibility of Scott, Jones, Porter and the petitioner. The petitioner's argument misses the point. Scott testified at trial and confessed to the shootings. Scott's testimony does not fall under any elements of the definition of unavailability found in rule 804 (a) of the Federal Rules of Evidence.[7] See *State* v. *Colon*, 272 Conn. 106, 213, 864 A.2d 666 (2004) (affirming exclusion of hearsay statement where similar statement already was before jury), cert. denied, 546 U.S. 848, 126 S. Ct. 102, 163 L.

---

[7] "Our Supreme Court adopted the definition of unavailability found in rule 804 (a) of the Federal Rules of Evidence. *State* v. *Bryant*, 202 Conn. 676, 694, 523 A.2d 451 (1987) (specifically adopting rule 804 [a] [1]); *State* v. *Munoz*, 233 Conn. 106, 140, 659 A.2d 683 (1995) (implicitly adopting rule 804 [a] [1] through [5])." *State* v. *Middlebrook*, 51 Conn. App. 711, 726, 725 A.2d 351, cert. denied, 248 Conn. 910, 731 A.2d 310 (1999). Rule 804 of the Federal Rules of Evidence provides in relevant part: "(a) Definition of unavailability. 'Unavailability of a witness' includes situations in which the declarant . . . (2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so; or (3) testifies to a lack of memory of the subject matter of the declarant's statement; or (4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity . . . ."

Ed. 2d 116 (2005); *State* v. *Adams*, 52 Conn. App. 643, 658, 727 A.2d 780 (1999) (hearsay statements properly precluded where declarant was available to testify), aff'd, 252 Conn. 752, 748 A.2d 872, cert. denied, 531 U.S. 876, 121 S. Ct. 182, 148 L. Ed. 2d 126 (2000); *State* v. *Middlebrook*, 51 Conn. App. 711, 726–27, 725 A.2d 351 (affirming exclusion of testimony that third party confessed to crime where declarant was available and able to testify), cert. denied, 248 Conn. 910, 731 A.2d 310 (1999). Moreover, "[m]erely because a greater number of witnesses testify as to a particular version of the facts does not make that version binding on the trier." *Charlton* v. *Commissioner of Correction*, supra, 51 Conn. App. 91; see id., 89–90 (court properly discredited testimony of two convicted felons who corroborated petitioner's account of events). Accordingly, we conclude that the court properly determined that Byrd's testimony was not admissible into evidence under the residual exception to the hearsay rule.[8]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] Because we conclude that the proffered testimony was not necessary, we need not address whether the petitioner satisfied the reliability prong of the residual exception to the hearsay rule.