******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LUIS A. SANTANA, JR. *v.* COMMISSIONER
OF CORRECTION
(AC 43687)

Alvord, Alexander and Clark, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of murder, conspiracy
to commit murder, and carrying a pistol without a permit, sought a writ
of habeas corpus, claiming, inter alia, that his trial counsel, H, provided
ineffective assistance by failing to investigate and present a third-party
culpability defense. Specifically, the petitioner alleged that H failed,
inter alia, to question D, a detective involved in the case, regarding his
investigation of certain other suspects, to present out-of-court state-
ments of certain witnesses that D had interviewed, and to offer into
evidence a statement made by a witness, M, to the police in which he
identified individuals other than the petitioner as suspects. Following
an evidentiary hearing, the habeas court rendered judgment denying the
habeas petition. The habeas court denied the petition for certification
to appeal, and the petitioner appealed to this court. *Held* that the habeas
court did not abuse its discretion in denying the petition for certification
to appeal because the petitioner failed to demonstrate that the issues
raised were debatable among jurists of reason, that the court could have
resolved the issues in a different manner, or that the questions raised
were adequate to deserve encouragement to proceed further: although,
contrary to the claim of the respondent Commissioner of Correction,
the petitioner's stated grounds for appeal in his application for waiver
of fees, costs and expenses and appointment of counsel sufficiently put
the habeas court on notice that the petitioner sought to appeal his claim
of ineffective assistance of counsel for failing to investigate and present
a third-party culpability defense, the petitioner did not provide any
affirmative evidence that would support such a defense, as he failed to
produce D as a witness at the habeas trial, to identify the particular
witnesses whose out-of-court statements he claimed would support his
defense, or to introduce into evidence a statement or photographic array
signed by M that identified individuals other than the petitioner as
suspects, and the witnesses that the petitioner did produce were unable
to identify the individuals they had seen following the incident; more-
over, the petitioner failed to establish that he was prejudiced by H's
decision to forgo a third-party culpability defense because he did not
demonstrate that there was a reasonable probability that the outcome
of his criminal trial would have been different if H had presented such
a defense; accordingly, the appeal was dismissed.

Argued April 7—officially released November 2, 2021

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district of
Tolland and tried to the court, *Newson, J.*; judgment
denying the petition; thereafter, the court denied the
petition for certification to appeal, and the petitioner
appealed to this court. *Appeal dismissed.*

*Naomi T. Fetterman*, for the appellant (petitioner).

*Thadius L. Bochain*, deputy assistant state's attor-
ney, with whom, on the brief, were *Patrick J. Griffin*,
state's attorney, and *Rebecca A. Barry*, supervisory
assistant state's attorney, for the appellee (respondent).

*Opinion*

ALEXANDER, J. The petitioner, Luis A. Santana, Jr., appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court (1) abused its discretion in denying his petition for certification to appeal from the denial of his habeas petition and (2) improperly concluded that he had not received ineffective assistance from his criminal trial counsel. We disagree that the court abused its discretion in denying the petition for certification to appeal and, accordingly, dismiss the appeal.

At the petitioner's criminal trial, the jury reasonably could have found that on September 17, 2006, the petitioner and Geraldo Rosado shot the victim, Aaron McCrea, in an area between Portsea Street and Loop Road in New Haven. *State* v. *Santana*, 313 Conn. 461, 463–64, 97 A.3d 963 (2014). The victim died from multiple gunshot wounds. Id., 464. The petitioner was convicted of murder in violation of General Statutes § 53a-54a, conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a, and carrying a pistol without a permit in violation of General Statutes § 29-35. Id., 463, 466. Our Supreme Court affirmed his conviction on direct appeal. Id., 464.

The petitioner initiated this habeas action and, on January 24, 2018, he filed an amended petition alleging three claims. Only the first claim, in which the petitioner alleged ineffective assistance of his criminal trial counsel, Lawrence Hopkins, for, inter alia, failing to investigate and to present a third-party culpability defense, is relevant to this appeal. With respect to this claim, the petitioner alleged that Hopkins was ineffective because, inter alia, he failed (1) to question Detective Michael Hunter regarding an investigation of two other suspects, Jose Montero and Juan Nunez, (2) to present out-of-court statements of witnesses interviewed by Hunter "to show what was in [Hunter's] mind at the time of his investigation of [Montero] and [Nunez]," and (3) to offer a statement made by Joseph Mungo to the police in which he identified Montero and Nunez as the individuals he saw after the shooting.

A trial on the habeas petition was held on December 11 and 12, 2018, and May 8, 2019. The petitioner did not present Hunter as a witness but presented multiple other witnesses and exhibits.[1] Jose Velazquez testified that, at the time of the murder, he lived on Liberty Street in New Haven, heard "three or four shots" and "saw somebody running, but I didn't see no faces." He further testified that, when shown photographic arrays, he was unable to identify the individual he saw running. Aixa Cruz testified that, at the time of the murder, she lived on Portsea Street in New Haven and that she had "seen two guys running in mask[s] and I didn't see

nobody. I mean, I couldn't tell the person, who it was. They [were] covered." She recalled looking at photographic arrays and being unable to identify anyone.

Hopkins testified that he did not recall any specific discussions with the petitioner regarding a third-party culpability defense and added that he does not "like the defense generally. It's difficult to proffer because there's got to be a direct connection between the third party and the crime and that's fairly rarely the case." Hopkins explained that his defense "consisted largely of attacking the credibility of the witnesses . . . ." He testified that he was aware there were "two possible third parties, [Nunez] and [Montero]" but that he "didn't see . . . any articulable reason to proffer that as third-party evidence" because he "didn't have any evidence that would amount to anything that [he] deemed would be admissible." In addition, Hopkins testified that he had not wanted to "put Montero into the mix" because "[i]t would have opened a Pandora's box of evidence that [he] felt would have been fatal rather than helpful." Hopkins explained that he wanted to keep out a statement made by the petitioner's codefendant, Rosado, that implicated the petitioner in the crime, in which Rosado "claims that [Montero] was present when a guy by the name of Primo ordered the hit of the deceased in this case in return for a $15,000 payment" and indicated that the petitioner "accepted the offer of the moneys and the guns with which to commit the homicide."

On October 17, 2019, the court issued a memorandum of decision denying the petition for a writ of habeas corpus. The court concluded that the petitioner's claim of ineffective assistance of counsel "fails because of a complete lack of evidence." The court stated that the petitioner's claim that Hopkins was ineffective when he did not question Hunter about his investigation into Nunez and Montero failed as a matter of law because the petitioner did not present Hunter as a witness. The claim that Hopkins was deficient for not presenting out-of-court statements of witnesses interviewed by Hunter failed because the petitioner did not identify particular witnesses or "support this claim with any affirmative evidence." The court indicated that "the supposed out-of-court statements made [by] whatever witnesses he interviewed were not produced." Further, the court stated that the petitioner did not establish "how . . . Hunter's state of mind would have been relevant or admissible on the issue of . . . Hopkins establishing a defense of third-party culpability."

On October 24, 2019, the petitioner filed a petition for certification to appeal, which the court denied. This appeal followed. On appeal, the petitioner argues that the habeas court (1) abused its discretion in denying his petition for certification to appeal because the issues are debatable among jurists of reason, a court could resolve the issues in a different manner, or the questions

raised are adequate to deserve encouragement to proceed further, and (2) improperly concluded that he had not received ineffective assistance as a result of Hopkins' failure to investigate and present a third-party culpability defense.

The respondent, the Commissioner of Correction, first argues that the petitioner's claims are unreviewable because he did not state his claim of ineffective assistance of counsel for failing to present a third-party culpability defense in his petition for certification to appeal. We are not persuaded by this argument. The petitioner stated his grounds for appeal in his application for waiver of fees, costs and expenses and appointment of counsel on appeal.[2] He filed the application in a self-represented capacity.

"It is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party. . . . The modern trend . . . is to construe pleadings broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Henderson* v. *Commissioner of Correction*, 181 Conn. App. 778, 793, 189 A.3d 135, cert. denied, 329 Conn. 911, 186 A.3d 707 (2018). In stating his grounds for appeal, the petitioner specifically referred to "testimony of witnesses . . . in regards to a third-party culpability defense as these witnesses originally identified other perpetrators and could not identify the petitioner." Further, the issues raised at the habeas trial included multiple claims of ineffective assistance, with one of those being that Hopkins failed to investigate and present a third-party culpability defense. On the basis of these specific facts and circumstances, we conclude that the petitioner's stated grounds for appeal sufficiently put the habeas court on notice that the petitioner sought to appeal his claim of ineffective assistance of counsel for failing to investigate and present a third-party culpability defense.

Next, the respondent argues that the habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal and that it properly concluded that the petitioner failed to prove that he was prejudiced by the alleged deficient performance of his counsel. We agree and, for the following reasons, dismiss the petitioner's appeal.

We first set forth the legal principles relevant to our resolution of this appeal. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the [disposition] of his [or her] petition for [a writ of] habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First,

he [or she] must demonstrate that the denial of his [or her] petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he [or she] must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas court's denial of the petition for certification." (Internal quotation marks omitted.) *Whistnant* v. *Commissioner of Correction*, 199 Conn. App. 406, 414–15, 236 A.3d 276, cert. denied, 335 Conn. 969, 240 A.3d 286 (2020).

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . . Because both prongs . . . must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong. . . .

"To satisfy the performance prong [of the *Strickland* test] the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . [A]

court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . A reasonable probability is a probability sufficient to undermine confidence in the outcome. . . . In its analysis, a reviewing court may look to the performance prong or to the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition." (Citations omitted; internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 201 Conn. App. 1, 11–13, 242 A.3d 107, cert. denied, 335 Conn. 983, 242 A.3d 105 (2020).

The legal principles applicable to a claim of third-party culpability are well known. "It is well established that a defendant has a right to introduce evidence that indicates that someone other than the [petitioner] committed the crime with which the [petitioner] has been charged. . . . The [petitioner] must, however, present evidence that directly connects a third party to the crime. . . . It is not enough to show that another had the motive to commit the crime . . . nor is it enough to raise a bare suspicion that some other person may have committed the crime of which the [petitioner] is accused." (Internal quotation marks omitted.) *McClain* v. *Commissioner of Correction*, 188 Conn. App. 70, 77–78, 204 A.3d 82, cert. denied, 331 Conn. 914, 204 A.3d 702 (2019).

In the present case, the petitioner identified Montero and Nunez as potentially culpable third parties. As the habeas court stated, however, the petitioner failed to provide "any affirmative evidence" that would support his third-party culpability defense. The petitioner failed to produce Hunter as a witness at the habeas trial. He also failed to "identify the particular witnesses" whose out-of-court statements would support his third-party culpability defense identifying Montero and Nunez as the perpetrators of the crime. As the habeas court noted, the petitioner submitted into evidence a transcript of an interview of Mungo conducted by Hunter and Detective Clarence Willoughby in which they discuss a prior identification made by Mungo after looking at photographic arrays. Neither a statement signed by Mungo nor signed photographic arrays, however, were introduced into evidence. Additionally, neither Velazquez nor Cruz identified Montero or Nunez, as they were both unable to identify whom they had seen after the shooting. Further, Hopkins testified that, at the time of the petitioner's trial, he was aware that there were "two possible third parties, [Nunez] and [Montero]" but that "I didn't see . . . any articulable reason to proffer that as third-party

evidence" because "I didn't have any evidence that would amount to anything that I deemed would be admissible." It is not enough for the petitioner to raise a "bare suspicion" that someone else, namely, Montero and Nunez, may have committed the crime. *McClain* v. *Commissioner of Correction*, supra, 188 Conn. App. 77–78. Further, without evidence directly connecting Montero or Nunez to the murder, the petitioner cannot demonstrate that if Hopkins had presented a third-party culpability defense, there is a reasonable probability that the outcome of his criminal trial would have been different. See *Anderson* v. *Commissioner of Correction*, supra, 201 Conn. App. 12–13. Because he did not present any affirmative evidence supporting his third-party culpability claim, we conclude that the petitioner has failed to demonstrate that he was prejudiced by Hopkins' decision to forgo a third-party culpability defense.

For the foregoing reasons, we conclude that the petitioner has failed to demonstrate that the issues raised are debatable among jurists of reason, that the court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. Therefore, the petitioner failed to establish that the court abused its discretion in denying his petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The petitioner introduced multiple documents into evidence, including an arrest warrant application, a search warrant application, an incident report, and a transcript of an interview with Mungo.

[2] The petitioner stated his grounds for appeal as follows: "Abuse of discretion in credibility findings. No consideration was given to petitioner's testimony regarding plea deal, judge only discusses testimony of [Attorneys] Hopkins and O'Brien. No consideration was given to testimony of witnesses Axia Cruz, Jose Velazquez or the statements of Joseph Mungo who was deceased before these proceedings in regards *to a third-party culpability defense* as these witnesses originally identified other perpetrators and could not identify the petitioner." (Emphasis added.)