******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

JAMES DIXON *v.* COMMISSIONER
OF CORRECTION
(AC 46900)

Elgo, Suarez and Sheldon, Js.

*Syllabus*

The petitioner, who previously had been convicted of, inter alia, felony murder, appealed following the denial of his petition to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. He claimed, inter alia, that the court abused its discretion by denying his petition for certification to appeal. *Held*:

The habeas court did not abuse its discretion in denying the petitioner certification to appeal, as the petitioner failed to show that his claim involved issues that were debatable among jurists of reason, that a court could resolve them in a different manner or that they were adequate to deserve encouragement to proceed further.

The habeas court properly determined that the petitioner did not meet his burden of demonstrating that his habeas counsel rendered ineffective assistance by failing to raise a claim that his criminal trial counsel provided constitutionally inadequate advice on a pretrial plea offer, as the court's finding that there was not a reasonable probability that the petitioner would have accepted the pretrial plea offer but for the deficient performance of his criminal trial counsel was not clearly erroneous and, thus, the petitioner could not establish prejudice resulting from any deficiency in the advice provided by his criminal trial counsel on that plea offer.

Argued February 5—officially released July 22, 2025

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland where the court, *Bhatt, J.*, dismissed the petition in part; thereafter, the petitioner withdrew the petition in part; subsequently, the petition was tried to the court, *Bhatt, J.*; judgment denying the petition; thereafter, the court, *Bhatt, J.*, denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed*.

*Deren Manasevit*, assigned counsel, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Sharmese Walcott*, state's attorney, and *Angela Macchiarulo*, supervisory assistant state's attorney, for the appellee (petitioner).

*Opinion*

ELGO, J. The petitioner, James Dixon, appeals from the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner contends that the court abused its discretion in denying his petition for certification to appeal and improperly rejected his claim that his first habeas counsel rendered ineffective assistance by failing to raise a claim that his criminal trial counsel did not provide adequate advice on a pretrial plea offer. We conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal and, accordingly, dismiss the appeal.

This case involves a homicide in Hartford. As recounted in the petitioner's direct appeal, "[o]n the evening of October 21, 1998, the [petitioner], Eddie Abernathy, Anthony 'Tone' Cannon, Raymond 'Flip' Hite, Michael Homes, Tamaika Easterling, Lacrisha Williams and others gathered at Tasheeka 'Chicken' Contrelle's apartment, at 99 Wyllys Street in Hartford, where they drank liquor and smoked marijuana. Later that evening, Homes led the [petitioner], Abernathy, Cannon and Hite into Contrelle's bedroom, shut the door and proposed that they commit a robbery. After some discussion, the five men exited the bedroom and entered the kitchen, where they drank more liquor and smoked more marijuana. . . .

"[A]t about 10 p.m., the [petitioner], Abernathy and Cannon left the party together. The [petitioner] had in his possession a small, chrome .25 caliber handgun, and Abernathy had in his possession a black, nine millimeter

handgun. The three men entered a black Honda Prelude . . . and drove throughout Hartford . . . . [W]hile driving on Green Street, [they] saw a man . . . walking in the middle of the road. Abernathy, who was driving, drove the Honda to the side of the road, conversed briefly with the [petitioner] and turned off the engine. He then turned toward Cannon, who was in the back-seat, handed him a mask and the black, nine millimeter handgun and told him to rob the man walking in the middle of the road. Cannon accepted the handgun and put on the mask, and he and the [petitioner] exited the Honda together. As they approached the man, Cannon said, 'What up?' The man, Baze 'Burt' Privette, recognized Cannon's voice and responded, 'Tone?'

"Cannon hesitated and asked Privette for a cigarette. Privette replied that he did not have one. Cannon then backed away from him, but the [petitioner], who had been standing to Cannon's right, did not. Rather, he drew the chrome .25 caliber handgun, held it to Privette's head and ordered him to 'run everything.' He then grabbed Privette and led him into an alley nearby. Halfway down the alley, the [petitioner] shot Privette in the head, killing him. He searched Privette's pockets and then ran out of the alley. He and Cannon entered the Honda and told Abernathy what had occurred. Abernathy ordered them to give him the mask and guns and to keep quiet. The [petitioner] and Cannon complied. The three men then drove away . . . .

"All three men later were arrested and charged in connection with the incident. The [petitioner] was charged with murder in violation of General Statutes § 53a-54a (a), felony murder, robbery in the first degree, conspiracy to commit robbery in the first degree and carrying a pistol or revolver without a permit. The jury returned a verdict of not guilty as to the murder count, and a verdict of guilty of felony murder, conspiracy to commit robbery in the first degree, carrying a pistol or

revolver without a permit and the lesser offense of attempt to commit robbery in the first degree. The court rendered judgment accordingly and later sentenced the [petitioner] to a total effective term of fifty years [of] imprisonment." *State* v. *Dixon*, 72 Conn. App. 852, 855–56, 806 A.2d 1153, cert. denied, 262 Conn. 926, 814 A.2d 380 (2002). The petitioner directly appealed from that judgment of conviction, which this court affirmed. Id., 861.

The petitioner commenced his first habeas action in 2011, alleging that his criminal trial counsel, Attorney Donald O'Brien, rendered ineffective assistance by failing (1) to elicit testimony from two witnesses, Gloria Allen and Shamish Banks, regarding their observations of Privette lying on the ground, (2) to establish a proper foundation for the admission of testimony from Banks under the residual exception to the hearsay rule, and (3) to establish a proper foundation for the impeachment of Cannon. Following a trial at which the petitioner was represented by Attorney Joseph Visone, the habeas court rejected each of those claims and denied the petition. See *Dixon* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-11-4004022-S (March 14, 2014). From that judgment, the petitioner unsuccessfully appealed to this court. See *Dixon* v. *Commissioner of Correction*, 157 Conn. App. 904, 114 A.3d 1245, cert. denied, 318 Conn. 905, 122 A.3d 635 (2015).

The petitioner commenced a second habeas action in 2016. His operative petition, the July 11, 2022 amended petition for a writ of habeas corpus, contained five counts. Count one alleged ineffective assistance on the part of O'Brien in his capacity as trial counsel on a variety of grounds, including his "fail[ure] to adequately advise the petitioner regarding the prosecuting [attorney's] plea offer." Count two alleged that the petitioner's rights to due process and a fair trial were violated

by the prosecutor's failure to disclose exculpatory evidence. Count three alleged that the petitioner's rights to due process and a fair trial were violated by the prosecutor's failure to correct false testimony at his criminal trial. Count four alleged ineffective assistance on the part of O'Brien in his capacity as appellate counsel due to his failure to raise on direct appeal the issues asserted in counts two and three. Count five alleged ineffective assistance on the part of Visone in the petitioner's first habeas action due to his failure to raise the issues asserted in counts one through four.

On August 1, 2022, the respondent, the Commissioner of Correction, filed a motion to dismiss predicated on successive petition and abuse of writ grounds. Following a hearing, the court dismissed count one of the operative petition. The petitioner subsequently withdrew counts two, three, and four of that petition. Accordingly, the only claim that remained at the time of trial was the petitioner's contention that Visone rendered ineffective assistance in his first habeas action by failing to allege that O'Brien had not adequately advised the petitioner about a plea offer. At the habeas trial, the court heard testimony from the petitioner, O'Brien, and Attorney Michael Gailor, who was the prosecutor at the petitioner's criminal trial.

In its subsequent memorandum of decision, the court concluded that the petitioner had not established deficient performance on the part of Visone in failing to raise a claim of ineffective assistance regarding O'Brien's advice on the plea offer or prejudice resulting therefrom. The court, therefore, denied the petition for a writ of habeas corpus. The petitioner then filed a petition for certification to appeal to this court, which the habeas court denied, and this appeal followed.

On appeal, the petitioner claims that the court abused its discretion in denying the petition for certification

to appeal. Our standard of review for such claims is well established. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, [the petitioner] must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [a] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Citation omitted; internal quotation marks omitted.) *Ramos* v. *Commissioner of Correction*, 172 Conn. App. 282, 294, 159 A.3d 1174, cert. denied, 327 Conn. 904, 170 A.3d 1 (2017).

A claim of ineffective assistance of habeas counsel "is commonly known as a habeas on a habeas, namely, a second petition for a writ of habeas corpus . . . challenging the performance of counsel in litigating an initial petition for a writ of habeas corpus . . . [that] had claimed ineffective assistance of counsel at the petitioner's underlying criminal trial or on direct appeal. . . . [A] petitioner asserting a habeas on a habeas faces the herculean task . . . of proving . . . both (1) that his

appointed habeas counsel was ineffective, and (2) that his trial counsel was ineffective. . . . The second habeas petition is inextricably interwoven with the merits of the original judgment by challenging the very fabric of the conviction that led to the confinement." (Citation omitted; internal quotation marks omitted.) *Santaniello* v. *Commissioner of Correction*, 230 Conn. App. 741, 749, 331 A.3d 739, cert. denied, 351 Conn. 926, 333 A.3d 1109 (2025).

"A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." (Citation omitted; internal quotation marks omitted.) *Silver* v. *Commissioner of Correction*, 180 Conn. App. 592, 597, 184 A.3d 329, cert. denied, 328 Conn. 940, 184 A.3d 759 (2018).

Because a petitioner's failure to satisfy either prong is fatal to a habeas petition; see *Foster* v. *Commissioner of Correction*, 217 Conn. App. 658, 667, 289 A.3d 1206,

cert. denied, 348 Conn. 917, 303 A.3d 1193 (2023); our courts, in reviewing ineffective assistance of counsel claims, "can find against a petitioner . . . on either the performance prong or the prejudice prong, whichever is easier." *Thomas* v. *Commissioner of Correction*, 141 Conn. App. 465, 471, 62 A.3d 534, cert. denied, 308 Conn. 939, 66 A.3d 881 (2013). Even if we assume, without deciding, that O'Brien's performance in advising the petitioner on the pretrial plea offer was deficient, the petitioner did not establish the requisite prejudice. He therefore cannot prevail on his claim that Visone was ineffective in failing to raise that ineffective assistance of trial counsel claim in the petitioner's first habeas action.

"It is well established that the failure to adequately advise a client regarding a plea offer from the state can form the basis for a sixth amendment claim of ineffective assistance of counsel." (Internal quotation marks omitted.) *Silver* v. *Commissioner of Correction*, supra, 180 Conn. App. 596–97. In the present case, it is undisputed that the state made a pretrial plea offer of twenty-five years of incarceration early in the case and before "much evidence or information was collected." It also is undisputed that O'Brien at that time did not advise the petitioner to accept or reject that offer.[1] Instead, O'Brien was inclined to await the results of discovery and the possibility of an additional plea offer from the state.[2] As the petitioner testified, O'Brien's

---

[1] O'Brien testified at the habeas trial that, although he conveyed the plea offer to the petitioner, he could not recall his evaluation of the state's offer, as more than two decades had passed. O'Brien also explained that it was his general practice not to advise clients "about offers unless they're really small, the amount of time." In his testimony, the petitioner similarly indicated that O'Brien did not advise him on whether to accept that plea offer.

[2] The record indicates that the state made a subsequent plea offer to the petitioner following the commencement of his criminal trial. That offer was for a term of twenty-two years of incarceration and was contingent upon (1) Abernathy also accepting a plea offer made to him and (2) the consent of the victim's family. Because Abernathy rejected his plea offer, the second plea offer to the petitioner lapsed. As he acknowledges in his principal

position "was basically, hey, the state is offering this [twenty-five year plea] and you know, we can keep going forward to see what they're going to offer [and to see] what's in the case. . . . O'Brien [was] basically saying he was still collecting evidence and he was still . . . trying to see if the state was going to offer something maybe different."

In his operative petition, the petitioner did not allege that, had O'Brien adequately advised him on the twenty-five year offer, he would have accepted that offer and pleaded guilty.[3] The petitioner also did not testify to that effect at the habeas trial. When asked on direct examination whether he was willing to take the twenty-five year plea offer, the petitioner stated: "I wouldn't say I was willing . . . to take the plea deal." In light of O'Brien's inclination to see what discovery disclosed and whether the state would make an additional offer, the petitioner testified that "that was my mind state more than just saying outright yeah I was going to take the deal . . . . It was sort of like just waiting to see what [O'Brien] actually was going to do with the case, you know."

At the habeas trial, O'Brien testified that the petitioner was not interested in the twenty-five year plea offer, stating: "[T]he offer initially was too high and [the petitioner] didn't want to accept it." O'Brien further testified that the petitioner "was not taking a [twenty] year sentence or [a twenty-five] year sentence" and that he "just didn't want to take anything that lengthy." When asked why the petitioner would not take a plea deal, O'Brien stated that it was because the petitioner did not want "to spend [twenty] years in jail" because "[h]e

---

appellate brief, the petitioner has raised no claim in this appeal with respect to the twenty-two year plea offer.

[3] Instead, the petitioner alleged that "there is a reasonable probability that, but for [O'Brien's] deficient performance . . . the result of the proceeding would have been different and more favorable to the petitioner."

had nothing to do with the murder." In its memorandum of decision, the court credited that testimony.

As our Supreme Court has explained, "[i]n the context of rejected plea offers . . . the specific underlying question of whether there was a reasonable probability that a habeas petitioner would have accepted a plea offer but for the deficient performance of counsel is one of fact, which will not be disturbed on appeal unless clearly erroneous." *Barlow* v. *Commissioner of Correction*, 343 Conn. 347, 357, 273 A.3d 680 (2022). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the [habeas] court's function to weigh the evidence and determine credibility, we give great deference to its findings. . . . In reviewing factual findings, [w]e do not examine the record to determine whether the [court] could have reached a conclusion other than the one reached. . . . Instead, we make every reasonable presumption . . . in favor of the [habeas] court's ruling." (Internal quotation marks omitted.) Id., 357–58.

At the habeas trial, O'Brien testified that the petitioner was unwilling to accept a plea offer that involved a twenty-five year term of incarceration. The court credited that testimony, as was its exclusive prerogative as arbiter of credibility. It is well established that the appellate courts of this state cannot "evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Taylor* v. *Commissioner of Correction*, 324 Conn. 631,

643–44, 153 A.3d 1264 (2017); see also *Perez* v. *Commissioner of Correction*, 194 Conn. App. 239, 242, 220 A.3d 901 ("[a]ppellate courts do not second-guess [the habeas court as] the trier of fact with respect to credibility" (internal quotation marks omitted)), cert. denied, 334 Conn. 910, 221 A.3d 43 (2019); *Corbett* v. *Commissioner of Correction*, 133 Conn. App. 310, 316, 34 A.3d 1046 (2012) ("[a]s an appellate court, we do not reevaluate the credibility of testimony" (internal quotation marks omitted)). The court's decision to credit O'Brien's testimony that the petitioner was unwilling to accept the twenty-five year plea offer, therefore, is one we cannot disturb.

In light of that evidence, we conclude that the court's finding that there was not a reasonable probability that the petitioner would have accepted the pretrial plea offer but for the deficient performance of counsel is not clearly erroneous. Accordingly, the petitioner cannot establish prejudice resulting from any deficiency in the advice provided by O'Brien on that plea offer. See *Missouri* v. *Frye*, 566 U.S. 134, 147, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012) ("[t]o show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel").

On our thorough review of the record, we conclude that the habeas court properly determined that the petitioner had not met his burden of demonstrating that his habeas counsel rendered ineffective assistance by failing to raise a claim that O'Brien provided constitutionally inadequate advice on the pretrial plea offer. The petitioner failed to establish that the issues he raised are debatable among jurists of reason, that a court could resolve them in a different manner or that

the questions he raised are adequate to deserve encouragement to proceed further. See *Santana* v. *Commissioner of Correction*, 208 Conn. App. 460, 470, 264 A.3d 1056 (2021), cert. denied, 340 Conn. 920, 267 A.3d 857 (2022). We therefore conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus.

The appeal is dismissed.

In this opinion the other judges concurred.